# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
                           )
    Plaintiff,   )
                           )
-vs-                           )    Case No. CR-20-249-001-F
                           )
WESLEY JOHN PIKE,              )
                           )
    Defendant.   )

## <u>ORDER</u>

Defendant Wesley John Pike, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Part A of Amendment 821 to the United States Sentencing Guidelines.[1]  Doc. no. 206. Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 209.  The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to Count 1 and Count 9 of the Indictment.  Count 1 charged conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and Count 9 charged felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The Probation Office prepared a final presentence investigation report (doc. no. 137).  For Count 1, the Probation Office calculated defendant's base offense level at 32.   Defendant received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because he possessed two firearms, while in possession of trafficking

---

[1] Because defendant is proceeding *pro se*, the court construes his motion liberally, but it does not act as his advocate.  <u>Yang v. Archuleta</u>, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

amounts of methamphetamine, resulting in an adjusted offense level of 34. For Count 9, the Probation Office calculated defendant's base offense level at 22. Defendant received a two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) because a firearm defendant possessed was stolen; and a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because defendant possessed firearms while in possession of trafficking amounts of methamphetamine, resulting an adjusted offense level of 28. After the multiple count adjustment, the greater of the adjusted offense levels was used, resulting in an adjusted offense level of 34. After applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 31.

Based on his criminal history, defendant was assessed a criminal history score of fifteen. Because defendant committed his offense while under a criminal justice sentence, two additional points (status points) were added under U.S.S.G. § 4A1.1(d), for a total criminal history score of seventeen. A criminal history score of seventeen established a criminal history category of VI. With a total offense level of 31 and a criminal history category of VI, defendant's advisory guideline imprisonment range was 188 months to 235 months.

At sentencing, the court adopted the final presentence investigation report without change. The court then departed downward from the advisory guideline imprisonment range and sentenced defendant to a term of imprisonment of 120 months on each count, to be served concurrently. Judgment was entered on December 6, 2021. Defendant did not file a direct appeal.

In his motion, defendant requests that his sentence be reduced pursuant to Part A of Amendment 821, which became effective November 1, 2023 and has retroactive application, because he was assessed two additional criminal history

2

points (status points) for committing his offense while under a criminal justice sentence.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id.*

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 207), the court finds that defendant is not eligible for a sentence reduction under Part A of Amendment 821.

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Applying Part A, defendant's status points would be reduced by one, resulting in defendant having a total criminal history score of sixteen

instead of seventeen.  With a total criminal history score of sixteen, defendant's criminal history category would remain at VI, resulting in the same guideline imprisonment range of 188 months to 235 months.  Because application of Part A of Amendment 821 would not have the effect of lowering defendant's applicable guideline range, defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Defendant's request for reduction of sentence pursuant to Part A of Amendment 821 will therefore be dismissed.

As part of his motion, defendant requests the court to issue an order directing the Probation Office to amend his presentence investigation report to reflect the change in his criminal history points or criminal history category, if applicable.  He states the amendment will help him earn more credits toward release, participate in more programs, and eventually lower his security level.  The court notes that defendant's criminal history category has not changed in light of Part A to Amendment 821.  In any event, "[o]nce the district court has heard objections to the [presentence investigation report] and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited."  United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994).  Any requested changes to a presentence investigation report "must be based on statutes or rules which give the district court jurisdiction to consider the challenge."  Id.  Defendant has not cited a statute or rule which would give this court jurisdiction to order the amendment of his presentence investigation report as requested.  Although Rule 32, Fed. R. Crim. P., addresses a presentence investigation report, that rule, standing alone, does not provide the district court with jurisdiction to address a post-sentence request for modification.  Id.  Consequently, defendant's request for an order directing the Probation Office to amend his presentence investigation report to reflect the change in his criminal history points or criminal history category, if applicable, will be dismissed.

Accordingly, defendant Wesley John Pike's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 206) based on Part A to Amendment 821 of the United States Sentencing Guidelines and for an amendment to his presentence investigation report is **DISMISSED**.

IT IS SO ORDERED this 8th day of July, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0249p047 (Pike).docx